NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHOLAS CODY COWAN, *Appellant.*

No. 1 CA-CR 25-0090

FILED 01-13-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-007153-001
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Vingelli & Company Law Offices PLLC, Scottsdale
By John N. Vingelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph A. Newberg, II
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

**F U R U Y A**, Judge:

¶1      Nicholas Cody Cowan appeals from his convictions and sentences. Cowan contends he was denied his right to a fair and impartial jury of his peers as required by Article 2, Section 24 of the Arizona Constitution. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2      On the morning of April 14, 2022, Cowan and his girlfriend, Tara, were arguing at their house. Cowan threatened to harm himself and told Tara if she called the police, he would "shoot it out with them." Concerned Cowan would harm himself, Tara left the house and went to a gas station to call 911 for help. Officers responded to the call and arrived at the gas station. As Tara was talking to the officers, Cowan pulled into the gas station and shot one of the officers in the "abdomen/pelvic area." As that officer collapsed, Cowan continued to shoot, and the other officer returned fire. Cowan fled the scene. The officer who was shot was seriously injured and required abdominal surgery.

¶3      Cowan evaded police for several days. The police found his cell phone inside a storm drain. Three days after the incident, police received a tip that Cowan was at a short-term rental property in Scottsdale. Officers located Cowan at the property and took him into custody.

¶4      A grand jury indicted Cowan on two counts of attempted first-degree murder, three counts of aggravated assault, one count of drive-by shooting, and one count of misconduct involving weapons. The court severed the misconduct involving weapons count,[1] and held a jury trial on the remaining charges.

¶5      To begin jury selection, the court utilized a written juror questionnaire to screen potential jurors. At a hearing in January 2025, the court and counsel for the parties reviewed the jurors' answers to the

---

[1]      The court later dismissed this count in its sentencing order.

questionnaires for potential dismissal. The court stated that it would strike all jurors who indicated they did not understand English well enough to participate. Cowan objected, arguing that the court should provide interpreters for otherwise-qualified jurors who have limited English proficiency, but the court overruled this objection. Cowan did not make any other objections to dismissal of these jurors and did not request oral voir dire of the dismissed jurors.

¶6        At trial, after the State presented its evidence, the jury found Cowan guilty on all counts as charged and the State had proven aggravators for all counts. The court sentenced Cowan to a total of 68 years' imprisonment. Cowan timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶7        Cowan argues the court erred by dismissing jurors who indicated they lacked sufficient English proficiency in their juror questionnaire without first conducting an individual inquiry into each juror's English proficiency and making a finding as to those jurors' ineligibility. But this was not the objection Cowan raised before the trial court, and so he raises it for the first time on appeal. Because he did not initially object to the court's dismissal of jurors on this basis, we review Cowan's arguments for fundamental error only. *State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018) ("When a defendant fails to object to trial error, he forfeits appellate relief absent a showing of fundamental error."); *accord* Ariz. R. Evid. 103(e).

¶8        To succeed under fundamental error review, an appellant must first establish there was an error at trial. *Escalante*, 245 Ariz. at 142 ¶ 21. Next, an appellant must show that the error was fundamental because it (1) went to the foundation of the case, (2) took away an essential right "necessary to demonstrate a viable defense or rebut the prosecution's case[,]" or (3) "was so egregious that he could not possibly have received a fair trial." *Id.* at 141–42 ¶¶ 18–21. Finally, if the appellant relies on prong one or two, there must be a showing of prejudice. *Id.* at 142 ¶ 21. "The [appellant] bears the burden of persuasion at each step." *Id.*

¶9        Addressing the first prong as to Cowan's appeal, A.R.S. Section 21-202(B)(3) requires dismissal of prospective jurors "not currently capable of understanding the English language." This is because English is the language used by the judicial system and "[i]t would be an undue

burden upon the State court system to have to translate for non-English speaking or reading jurors . . . ." *State v. Cordova*, 109 Ariz. 439, 441 (1973). Our supreme court has rejected constitutional challenges to this statute. *See State v. Cota*, 229 Ariz. 136, 143 ¶¶ 13–16 (2012). Further, "the court can dismiss [prospective] jurors based on questionnaire responses, particularly if neither party objects nor seeks further questioning." *State v. Lucas*, __ Ariz. __, __, 578 P.3d 822, 827 ¶ 28 (App. 2025) (citing *State v. Jones*, 197 Ariz. 290, 303 (2000))[2]; *State v. Anderson*, 197 Ariz. 314, 324 ¶ 24 (2000).

**¶10**       Here, the court relied on responses of potential jurors to its questionnaire—provided under oath. These responses indicated some jurors' inability to sufficiently understand English, a disqualifying circumstance. Being apprised of these responses—and upon which it was entitled to rely, *Jones*, 197 Ariz. at 303—the court had a duty to dismiss those potential jurors who did not qualify, A.R.S. § 21-202(B)(3). The court's compliance with its statutory duty did not constitute error, let alone fundamental error.

**¶11**       But even assuming fundamental error, Cowan has not shown the requisite prejudice. To demonstrate prejudice, Cowan must show that "as a result of the inadequate questioning, the jury selected was not fair, unbiased, and impartial." *State v. Riley*, 248 Ariz. 154, 174 ¶ 51 (2020) (citation omitted). So, Cowan must show that "without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *Id.* at 177 ¶ 68 (citation omitted). "Prejudice will not be presumed but must appear affirmatively from the record." *Id.* at 174 ¶ 51 (quoting *State v. Hoskins*, 199 Ariz. 127, 141 ¶ 48 (2000)). This is an objective standard and "necessarily excludes imaginative guesswork." *Escalante*, 245 Ariz. at 144 ¶ 31.

**¶12**       Here, Cowan contends the trial court erred in failing to make individual inquiries of each juror who asserted a lack of understanding of

---

[2]       In *Lucas* we concluded that a trial court erred by conducting jury selection entirely based on the responses to written juror questionnaires, with no in-person questioning. *Lucas*, 578 P.3d at 827. However, that case is distinguishable from this appeal. In *Lucas*, there was a properly raised objection to the court proceeding without further questioning. *Id.* More importantly, *Lucas* confronted identifiable prejudice in an allegation that a biased juror had been seated because of the court's failure to conduct further individualized inquiry. *Id.* at 829 ¶¶ 42–43. Here, Cowan did not object and did not allege that any biased jurors were seated because of the court's reliance on written questionnaire answers provided under oath.

English. But he fails to show how this lack of individual inquiry resulted in an unfair or biased jury. Indeed, Cowan does not assert that his jury was unfair or biased at all, and he does not affirmatively demonstrate this from the record. *See State v. Bush*, 244 Ariz. 575, 583 ¶ 20 (2018) ("[We] will not disturb the trial court's selection of the jury in the absence of a showing that a jury of fair and impartial jurors was not chosen[.]"). He also does not allege that a reasonable jury could have returned a different verdict, and as such, fails to establish prejudice. *See Riley*, 248 Ariz. at 186 ¶ 117 ("To prove prejudice, [the appellant] has the burden of showing that a reasonable jury could have come to a different verdict.") (citation omitted). As a result, Cowan has failed to prove, or even claim, prejudice due to the court's alleged error.

¶13　　　Because he has shown no error or prejudice, Cowan's arguments on appeal fail.

## CONCLUSION

¶14　　　We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR